UNITED STATES v. POPPER.

(District Court, N. D. California. December 18, 1899.)

No. 3,722.

1. INTERSTATE COMMERCE—REGULATION BY CONGRESS—SCOPE OF POWER.

The provision of Act Feb. 8, 1897 (29 Stat. 512), making it unlawful for any person to deposit with an express company or other common carrier, for carriage from one state or territory to another, any article or thing designed or intended for the prevention of conception, is not unconstitutional, on the ground that it is a police regulation, and as such a matter

over which the states have exclusive jurisdiction, but is within the constitutional powers of congress to regulate interstate commerce.

**2. INDICTMENT—DESCRIPTION OF OFFENSE.**
An indictment under Act Feb. 8, 1897 (29 Stat. 512), charging the defendant with having deposited with an express company, for carriage to another state, "an article designed and intended for the prevention of conception," which charges that such article was contained in a package deposited with an express company named, at a place and at a date named, addressed to a particular person at a designated place in another state, is sufficiently specific, and need not more specifically describe the article.

On Demurrer to Indictment.

E. J. Banning, Asst. U. S. Atty.
Cannon & Freeman, for defendant.

DE HAVEN, District Judge. The indictment in this case charges that the defendant did, upon a day named, at the city and county of San Francisco, state of California, "knowingly deposit and cause to be deposited with an express company, to wit, Wells, Fargo & Co.'s Express, for carriage from the city and county of San Francisco, in the state of California, to Winnemucca, in the state of Nevada, a certain package, then and there directed to 'Mrs. Ida Anderson, Winnemucca, Nevada,' and containing an article designed and intended for the prevention of conception." The defendant has demurred to this indictment, alleging as grounds—First, that the act of congress upon which it is based is unconstitutional; and, second, that it is uncertain, in that it fails to properly describe the article alleged to have been contained in the package addressed to Mrs. Anderson.

1. The indictment is under the act of February 8, 1897 (29 Stat. 512). That act, among other things, makes it "unlawful for any person to deposit with any express company or other common carrier for carriage from one state or territory of the United States or the District of Columbia to any other state or territory of the United States or the District of Columbia, * * * any article or thing designed or intended for the prevention of conception. * * *" It is contended, in support of the demurrer, that this provision of the statute attempts to legislate upon a matter to which the police power of the state extends, and over which it has exclusive jurisdiction. This contention cannot be sustained. Congress is given power, by section 8 of article 1 of the constitution, "to regulate commerce with foreign nations and among the several states and with the Indian tribes." This is a sovereign power, and I have no doubt that under it congress is authorized to forbid, as it has done in the provision of the act above quoted, interstate commerce in such articles as are named therein. The power to regulate commerce includes the power to declare what property or things may be the subject of commerce. Thus, in those cases in which it has been held that congress may lawfully prohibit the sale of intoxicating liquors to Indians in what is known as the "Indian Country," the power to enact such legislation is said to be derived from the authority to regulate commerce with the Indian tribes. U. S. v. Holliday, 3 Wall. 407, 18 L.

Ed. 182; U. S. v. Forty-Three Gallons of Whisky, 93 U. S. 188, 23 L. Ed. 846. In the first case it was said by the court: "The act in question, although it may partake of some of the qualities of those acts passed by state legislatures which have been referred to the police powers of the state, is, we think, still more clearly entitled to be called a regulation of commerce." And in the case of U. S. v. Forty-Three Gallons of Whisky the court, in upholding, as a regulation of commerce, the act of congress forbidding any one "to give or sell liquor to an Indian in charge of an agent, or to introduce it into the Indian country," said: "The power is in no wise affected by the magnitude of the traffic or the extent of the intercourse. As long as the Indians remain a distinct people, with an existing tribal organization, recognized by the political department of the government, congress has the power to say with whom, and on what terms, they shall deal, and what articles shall be contraband." That the power to regulate commerce includes the power to prescribe what articles of merchandise shall not be the subject of commerce was also the opinion of Chief Justice Taney, as stated by him in the License Cases, 5 How. 577, 12 L. Ed. 256: "And congress, under its general power to regulate commerce with foreign nations, may prescribe what articles of merchandise shall be admitted and what excluded, and may therefore admit or not, as it shall deem best, the importation of ardent spirits." And he added, on page 578: "The power to regulate commerce among the several states is granted to congress in the same clause, and by the same words, as the power to regulate commerce with foreign nations, and is co-extensive with it." It necessarily follows from these views that the provision of the act of February 8, 1897, under which the present indictment is framed, is not subject to the constitutional objection urged against it by the defendant.

2. The second objection is that the indictment fails to sufficiently identify or describe the article which is therein described as one designed and intended to prevent conception, in that it cannot be determined therefrom whether such article is an instrument or a drug in liquid or solid form. It is not necessary that there should be such certainty of description in the indictment. The indictment, in describing the article as one contained in a certain package deposited by the defendant with a certain express company in the city and county of San Francisco on a day named, and addressed to a particular person, gives sufficient information to the defendant of the act with which he is charged to enable him to make his defense thereto, or to plead his acquittal or conviction, in bar of any subsequent indictment relating to the same offense. Greater certainty than this is not required in an indictment. 1 Bish. Cr. Proc. (3d Ed.) §§ 507, 517, 543, 544. Demurrer will be overruled.